IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CAROLINE S. ALASAGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-581 (RDA/IDD) |
| ) | |
| ANTONY J. BLINKEN, ) | |
| *Secretary of State*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Antony J. Blinken's ("Defendant") Motion to Dismiss Plaintiff Caroline S. Alasagas's ("Plaintiff") Complaint ("Motion"). Dkt. 12.[1] Plaintiff has been afforded the opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and she has responded with various motions. But as of the date of this Order, Plaintiff has not submitted a brief in opposition to the Motion. The Court dispenses with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). The Motion is now fully briefed and ripe for disposition. Considering the Complaint and supporting exhibits, Dkt. 1, the Motion, Dkt. 12, Defendant's Memorandum in Support, Dkt. 13, and Defendant's Reply, Dkt. 22, the Court GRANTS the Motion for the reasons that follow.

---

[1] On January 26, 2021, Antony J. Blinken replaced Michael R. Pompeo as Secretary of State. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Blinken as the proper Defendant and the case caption reflects the same.

I. BACKGROUND

A. Factual Background

Plaintiff, proceeding *pro se*, is a former employee of GAP Solutions, Inc., a private company that performed subcontracted work for the United States Department of State's Foreign Service Institute. Dkt. 1, 1-4. She alleges she was terminated as an administrative assistant in violation of federal law. *Id.* at 5-7. As it must at the motion to dismiss stage, the Court accepts all facts alleged within the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In support of these allegations, Plaintiff alleges that she was unlawfully terminated on December 4, 2018. Dkt. 1-2. Apparently, Plaintiff required customers to provide their full social security numbers when filling out OPM SF-182 Forms, even though office policy and procedure only required that the last four digits be collected. Dkt. 1-6. Plaintiff also asked for credit card authorization forms from customers when they were not required. *Id.* Despite being reminded and retrained regarding new policies and procedures, Plaintiff continually disregarded them, "creating a resource impact" that caused "delays in enrollment." *Id.* A representative from the State Department's Foreign Service Institute "spoke to the contracting company" about these issues with Plaintiff's performance. *Id.*

Plaintiff alleges that after she filed for unemployment compensation with the Virginia Employment Commission, Defendant "initiated" a "Misconduct Charge" with the Commission noting that Plaintiff was terminated for misconduct. Dkt. 1, 3. And while it may be that Defendant "initiated" the filing of this charge, it appears that the charge may have been actually filed by Plaintiff's employer, GAP Solutions, or its contractor, CTR Management Group. *Id.* In her Complaint, Plaintiff argues that the Misconduct Charge was false and maintains that she was an

exemplary employee. *See id*. She asserts she was subject to a hostile work environment because her work product and work schedule flexibility were subjected to heightened scrutiny. *Id.* at 4. In addition, she alleges she was subject to "targeted harassment" as a "short in stature 50+ year old, 5-foot older woman and . . . Pacific Islander." *Id.* at 6.

### B. Procedural Background

This is the third suit Plaintiff has brought regarding the same events surrounding her termination. Plaintiff first brought two separate actions on November 25, 2019. The sole defendant named in her first suit was CTR Management Group, a federal contractor that subcontracted with Plaintiff's former employer. On February 6, 2020, the Court dismissed that case for failure to state a claim. *See* Order, *Alasagas v. CTR Mgmt. Grp.*, No. 1:19-cv-1494 (E.D. Va. Feb. 6, 2020) (Dkt. 27) ("*Alasagas I*"). Plaintiff brought her second suit against her former employer, GAP Solutions, Inc., which the Court dismissed on March 6, 2020, after Plaintiff filed a notice of voluntary dismissal. *See* Order, *Alasagas v. GAP Sols. Inc.*, No. 1:19-cv-1496 (E.D. Va. Mar. 6, 2020) (Dkt. 36) ("*Alasagas II*").

On May 22, 2020, Plaintiff commenced this civil action. Dkt. 1. Defendant moved to dismiss this Complaint on August 24, 2020. Dkt. 12. Plaintiff did not file an opposition to Defendant's Motion. Instead, she submitted multiple motions—including a motion for sanctions, a "Motion to Deny the Counsel's submittal & Responses to the Court," and a Motion to Reinstate the Entry of Default. Dkt Nos. 16-18. Magistrate Judge Davis denied each of those Motions.[2] Dkt. 20. On September 22, 2020, Defendant submitted a reply in support of his motion to dismiss.

---

[2] In addition, Judge Davis has ordered Plaintiff to "refrain from filing discovery-related motions and motions that are duplicative and repetitive." Dkt. 34.

3

Dkt. 32.  Plaintiff filed a Motion for Clarification regarding a hearing in this case on December 14, 2020.  Dkt. 37.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1) Standard

A motion brought under Federal Rule of Civil Procedure 12(b)(1) tests a court's subject matter jurisdiction.  *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 722 (E.D. Va. 2008).  Defendants may attack subject matter jurisdiction by arguing that the complaint "fails to allege facts upon which subject matter jurisdiction may be based," accepting all facts alleged as true, or by arguing "the jurisdictional facts alleged in the complaint are untrue."  *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  In either case, the burden of proving subject matter jurisdiction falls on the plaintiff.  *Zargarpur v. Townsend*, 18 F. Supp. 3d 734, 736 (E.D. Va. 2013).

### B. Rule 12(b)(6) Standard

A Rule 12(b)(6) motion tests the sufficiency of a complaint.  *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011).  "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal is appropriate only if the well-pleaded facts in the complaint "state a claim that is plausible on its face.'"  *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Yet "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted.  *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc. v. J.D.*

4

*Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508)). Although a plaintiff pleading employment discrimination need not establish a *prima facie* case at the pleadings stage, she must still allege "facts sufficient to state all the elements of her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Because Plaintiff is proceeding *pro se*, this Court liberally construes her filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014)).

### III. ANALYSIS

#### A. Collateral Estoppel

In light of the Court's ruling in *Alasasgas I*, the rules of issue preclusion—commonly known as collateral estoppel—are relevant to this case. "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891, (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001)). According to those rules of federal common law, issue preclusion applies when:

> (1) the "identical issue" (2) was actually litigated (3) and was "critical and necessary" to a (4) "final and valid" judgment (5) resulting from a prior proceeding in which the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue.

*McHan v. Comm'r*, 558 F.3d 326, 331 (4th Cir. 2009) (quoting *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006)).

Considering Plaintiff's earlier lawsuit against CTR Management Group in *Alasagas I* that the Court dismissed in February of 2020, the doctrine of defensive non-mutual collateral estoppel

governs this case.[3] That doctrine applies when "a stranger to the [earlier] judgment, ordinarily the defendant in the second action"—here, Defendant—"relies upon a former judgment as conclusively establishing in [its] favor an issue." *Musselwhite v. Mid-Atl. Rest. Corp.*, 809 F. App'x 122, 128 (4th Cir. 2020) (citations omitted). "Defensive non-mutual collateral estoppel is permitted if the party being collaterally estopped 'had a full and fair opportunity to litigate' the issue in the earlier suit" and if the requirements of collateral estoppel mentioned above are met. *Id.*; *see also In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) ("[W]hen a defendant employs the doctrine 'to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant,' it is known as "'defensive collateral estoppel.'") (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979)).

In its February 6, 2020 Order in *Alasagas I*, the Court denied Plaintiff's claims arising from precisely the same set of facts against her employer: the identical issue of her allegedly unlawful termination on December 4, 2018. *See* Order, *Alasagas v. CTR Mgmt. Grp.*, No. 1:19-cv-1494 (E.D. Va. Feb. 6, 2020) (Dkt. 27). This issue was actually litigated, as the Court decided a motion to dismiss on the merits of Plaintiff's claims. *Id.* at 9-16. It was also critical and necessary to the Court's final judgment, which remains valid. *Id.* Plaintiff had a full and fair opportunity to litigate

---

[3] Although "nonmutual *offensive* collateral estoppel simply does not apply *against* the government in such a way as to preclude relitigation" of many issues, *United States v. Mendoza*, 464 U.S. 154, 162 (1984) (emphases added), the United States may benefit from the doctrine of collateral estoppel when applied defensively to preclude litigation brought by a plaintiff who has already fully and fairly litigated the same issue against a non-government defendant. *See Johnson v. Pep Boys*, No. 2:04-cv-632, 2005 WL 6229590, at *7 (E.D. Va. June 14, 2005), *aff'd*, 164 F. App'x 385 (4th Cir. 2006) ("Although individual officials of the United States were not parties to that case, defensive collateral estoppel prevents Plaintiff from relitigating the timeliness issue against individual defendants in *Johnson III*.").

the issue.[4] Although Plaintiff did not file an opposition to the defendant's motion to dismiss that case, she was notified of her right to do so as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See* Dkt. 15. Accordingly, dismissal of this action is warranted pursuant to the collateral estoppel doctrine.

### B. Title VII, ADA, GINA, and ADEA Claims

In addition, each of Plaintiff's claims fail on the merits. Plaintiff first asserts claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act ("GINA"), and the Age Discrimination in Employment Act ("ADEA"). Dkt. 1, 5. Each of these federal statutes require that "[t]o be liable for employment discrimination, a defendant must have been the plaintiffs 'employer.'" *McAdory v. Vail Techn.*, No. 1:16-cv-886, 2017 WL 1822276, at *5 (E.D. Va. May 4, 2017) (citing 42 U.S.C. § 2000e-2 with respect to Title VII); *see also* 42 U.S.C. § 12111(5)(A) (regarding the ADA); 42 U.S.C. § 2000ff (regarding the GINA); 29 U.S.C. 6333(a)(l) (regarding the ADEA).

The federal civil rights claims Plaintiff brings against Defendant are based on Defendant's role in directing the Misconduct Charge to be filed, allowing the harassment that she faced at work to continue, and for causing her ultimate termination. *See generally* Dkt. 1. Yet in the Complaint, Plaintiff makes it quite clear that her employer was GAP Solutions, not the State Department. *See* Dkt. 1, 4. Her claims under Title VII, the ADA, the GINA, and the ADEA could only survive, then, if Plaintiff pleaded facts sufficient to show "joint employment" by her actual employer and the federal government. *See Butler v. Drive Auto Indus. of Am., Inc.*, 793 F.3d 404, 408-09 (4th Cir. 2015). To make that showing, an employee must allege facts that are evaluated under a multi-

---

[4] Plaintiff brought the same federal anti-discrimination claims in *Alasagas I*. At the time Defendant moved to dismiss the Complaint in this case, the Court's order dismissing Plaintiff's lawsuit in *Alasagas I* remained sealed.

7

factor framework. *See id.* at 414-15 (quoting *Garrett v. Phillips Mills, Inc.*, 721 F.2d 979, 982 (4th Cir. 1983)). Plaintiff does not allege she was jointly employed by the State Department and does not plead facts sufficient for the Court to infer she meets the Fourth Circuit's standard. *See generally* Dkt. 1. Consequently, Plaintiff fails to state a claim under any of the federal anti-discrimination statutes she invokes, and her claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) on this ground.

Even if Plaintiff could overcome this hurdle, her discrimination claims fail because she does not plausibly allege that her work conditions were due to protected class animus. *See Pueschel v. Peters*, 577 F.3d 558, 564-65 (4th Cir. 2009). Although Plaintiff identifies herself as a Pacific Islander, she does not allege that an individual of another race, color, or age was treated differently. The Complaint identifies one individual, "Mr. Solaiman Hotaki," Dkt. 1, 7, but does not allege any facts regarding this person's characteristics. And even if the Complaint's allegations regarding Mr. Hotaki were sufficiently detailed, a Title VII complaint alleging only that a plaintiff suffered differential treatment in favor of someone outside her protected class must be dismissed pursuant to Federal Rule 12(b)(6). *See McCleary-Evans v. Maryland Dep't of Trans.*, 780 F.3d 582, 588 (4th Cir. 2015).

Plaintiff's hostile work environment claim fails on the merits as well. The few conclusory allegations Plaintiff includes in her Complaint—that Mr. Hotaki was confrontational toward her and that her work product and work schedule were subjected to "heightened scrutiny"—fall short of stating a hostile work environment claim. *See, e.g.*, *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 208 (4th Cir. 2019); *Combs-Burge v. Rumsfeld*, 170 Fed. Appx. 856, 862 (4th Cir. 2006).

Defendant also argues that Plaintiff has failed to timely pursue administrative remedies as to her federal anti-discrimination claims because she failed to initiate a complaint with a State

8

Department Equal Employment Opportunity ("EEO") counselor within the requisite time period after she was terminated. Dkt. 13, 4-5 (citing 29 C.F.R. 1614.105(a)(1)). Plaintiff has maintained that the tragic death of her son on January 16, 2019 caused her to miss the March 11, 2019 deadline to initiate EEO action. Dkt. 1-1. The Equal Employment Opportunity Commission ("EEOC") dismissed her complaint as untimely, and that determination was upheld on administrative appeal in a February 25, 2020 decision. *Id.* The Court sympathizes with Plaintiff and the trauma she must have experienced in losing a child. Even so, the standard the EEOC and federal courts apply to determine if a deadline should be equitably tolled or subject to equitable estoppel asks whether a plaintiff was so physically or mentally incapacitated by the loss of a loved one that she could not timely contact an EEOC counselor. *See* Dkt. 1-1; *see also, e.g.*, *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 Fed. App'x 314, 321 (4th Cir. 2011) (holding that equitable tolling is granted "only sparingly"). Because Plaintiff does not set forth that she was so physically or mentally incapacitated that calling to speak with an EEOC counselor was "impossible," *Crabill*, 423 Fed. App'x at 321, her failure to timely pursue administrative remedies also counsels dismissal of her anti-discrimination claims. Dismissal under Federal Rule of Civil Procedure 12(b)(6) is accordingly appropriate on this ground as well. *See Edwards v. Murphy-Brown, LLC*, 760 F. Supp. 2d 607, 613 (E.D. Va. 2011) ("[U]ntimeliness" claims should be addressed within the context of a 12(b)(6) motion.").

### C. Equal Pay Act Claim

Plaintiff also brings a claim under the Equal Pay Act. *See* Dkt. 1, 6. This statute forbids "employers from paying an employee at a rate less than that paid to employees of the opposite sex for equal work." *Lovell v. BBNT Solutions, LLC*, 295 F. Supp. 2d 611, 618 (E.D. Va. 2003) (citing 29 U.S.C. § 206 (d)(l)). To establish a *prima facie* case of wage discrimination, a plaintiff must

9

plead facts sufficient to show "(1) that the defendant employer pays different wages to employees of opposite sexes; (2) that these employees hold jobs that require equal skill, effort, and responsibility; and (3) that such jobs are performed under similar working conditions." *Lovell*, 295 F. Supp. 2d at 618.

Plaintiff cannot establish a *prima* facie case of wage discrimination. Her employer was GAP Solutions, not Defendant, Dkt. 1, 4, and she fails to allege any facts regarding the wages earned by employees of the opposite sex. Accordingly, Plaintiff fails to state a claim for relief under the Equal Pay Act, and this claim must be dismissed pursuant to Rule 12(b)(6).

### D. Revenue Sharing Act Claim

Plaintiff also alleges she is entitled to relief under the Revenue Sharing Act of 1972, codified at 31 U.S.C. § 6710-6720. *See* Dkt. 1, 6. The law requires the following in relevant part:

> [n]o person in the United States shall be excluded from participating in, be denied, the benefits of, or be subject to discrimination under, a program or activity of a unit of general local government because of race, color, national origin, or sex if the government receives a payment under this chapter.

31 U.S.C. § 6711. Plaintiff has failed to plead facts showing that she was "excluded from participating in, be denied, the benefits of, or be subject to discrimination under, a program or activity of a unit" operated by Defendant. *Id.* Furthermore, the State Department is not a "unit of local government," *id.*, and this provision does not apply to its acts or omissions. Plaintiff's Revenue Sharing Act is dismissed for failure to state a claim under Rule 12(b)(6).

### E. COBRA Claim

Plaintiff also appears to bring a claim under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Dkt. 1, 9. COBRA requires a group health plan to provide an employee notice of her rights when (1) coverage under a group health plan commences

and (2) a "qualifying event" occurs. *Middlebrooks v. Godwin Corp.*, No. 1:10-cv-1306, 2012 WL405080, at *5 (E.D. Va. Feb. 7, 2012) (citing 29 U.S.C. §§ 1166(a)(l) and (4)).

Again, because Defendant is not Plaintiff's employer, Defendant was not obligated to provide Plaintiff with the notices of group health plan rights COBRA contemplates. Further, Plaintiff has failed to allege any other facts to support a COBRA claim against Defendant. Her claim under COBRA is therefore dismissed for failure to state a claim pursuant to Rule 12(b)(6).

### F. Whistleblower Protection Act Claim

Plaintiff also brings a claim for relief under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), presumably because she fears reprisal for filing this lawsuit in current or future employment. The claim cannot proceed, however, because Plaintiff has failed to exhaust her administrative remedies with regard to this claim. Although Plaintiff presented a formal administrative complaint of discrimination, nowhere in that complaint did she mention the Whistleblower Protection Act or benefits to which she might be entitled. This failure is fatal to Plaintiff's claim: "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action directly before it in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002). As a result, Plaintiff's Whistleblower Protection Act claim is dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Tonkin v. Shadow Mgmt., Inc.*, 605 Fed. Appx. 194, 194 (4th Cir. 2015) (per curiam) (holding that whether an employee has administratively exhausted claim is a matter that impacts this Court's subject matter jurisdiction).

### G. Social Security Act Claim

Plaintiff also seems to allege that Defendant violated the Social Security Act, 42 U.S.C. § 1320d-5. *See* Dkt. 1, 7. To the extent that this is one of Plaintiff's claims, it fails for a simple

11

reason.  The statute does not contain a private cause of action, instead authorizing the Secretary of Health and Human Services to levy a penalty against a "person" who violates the law and state attorneys general to sue in federal court on behalf of injured residents.  *See* 42 U.S.C. 1320(d)-2(a)(1); *see also Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 195-96 (D.D.C. 2011).

Accordingly, Plaintiff's Social Security Act claim is dismissed because she fails to state a cognizable claim for relief under Rule 12(b)(6).

## IV. CONCLUSION

For these reasons, Defendant's Motion to Dismiss, Dkt. 12, is GRANTED, and Plaintiff's Complaint is hereby DISMISSED.  Because the Court finds that Plaintiff does not state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the dismissal is WITH PREJUDICE as to all but one—the Whistleblower Protection Act claim.  The Court finds there is no subject matter jurisdiction over Plaintiff's Whistleblower Protection Act claim, and the dismissal is WITHOUT PREJUDICE as to that claim.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order.  To effectuate a notice of appeal, Plaintiff must provide a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment in Defendant's favor, forward copies of this Order to Plaintiff, *pro se*, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
March 31, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge